William Horton *vs*. The Towns of Norwalk and Wilton.

Upon a hearing of a highway petition before a committee the petitioner offered, under the statute, a bond purporting to bind the obligors to construct the road for a sum named. The respondents objected to it as inadmissible, and the counsel for the petitioners thereupon stated that if upon examination of the statute, which was not then at hand, it should be found that the bond did not conform to the statute, they should claim the right to amend it. The respondents did not assent to this, but the committee received the bond and consented that it might be amended if necessary; but finally became satisfied on examination of the statute that it was not admissible, and laid it out of the case. After the close of the hearing, at a subsequent day, the petitioner's counsel

sent the committee a new bond which was drawn in conformity with the stat-
ute, and they received it and considered it in their determination of the case;
it being sent and received without the knowledge of the respondents. Held
that the receiving of it was not in the circumstances "irregular and improper
conduct" on the part of the committee.

PETITION for the laying out of a highway in the towns of
Norwalk and Wilton, brought to the Superior Court in Fair-
field County. A committee reported that the highway prayed
for was of common convenience and necessity and laid out
the same; the respondents remonstrated against the accept-
ance of the report; the court (*Sanford, J.,*) over-ruled the
remonstrance and accepted the report, and the respondents
moved for a new trial for error in the decision of the court in
so doing. The case is fully stated in the opinion.

*W. R. Smith,* in support of the motion.

*W. K. Seeley,* contra.

CARPENTER, J. This case comes before us in the form of
a motion for a new trial. The motion shows that upon the
trial before the committee, upon the question as to the "com-
mon convenience and necessity" of the highway prayed for,
the petitioner, pursuant to the statute,* for the purpose of
proving the probable expense of the proposed highway, offered
in evidence a bond purporting to bind the obligors to construct
the highway for a given sum. The respondents objected to
the bond ·as irrelevant and inadmissible. The petitioner's

---

* The statute referred to is as follows (Gen. Statutes, tit. 16, ch. 7, sec. 47):
"When an application shall be pending before the Superior Court for the lay-
ing out or alteration of any highway, any person interested therein may execute
a penal bond with surety, payable to the defendant town or towns, conditioned
that the obligors will, for a specified sum, make or alter such highway in a
specified time and manner, or convey to said town or towns the right of way
therefor; which bond shall be executed by persons owning real estate in fee
simple, situated in this state, in value double the amount of the penal sum in
such bond, and shall be binding upon the obligors therein to the full amount of
such penal sum, as liquidated damages; and the committee may receive and hold
it until they shall report their doings to said court, and regard it as evidence in
determining the expense of constructing or altering such highway; and if they
report favorably upon such application, shall deliver said bond to said town or
towns, otherwise to the obligors therein named."

counsel thereupon stated that if upon examination of the statute, (no copy of which was then at hand,) it should be found that the bond did not conform thereto, he should claim the right to amend it. The counsel for the respondents did not consent to this, but reiterated their objection to the reception of the bond.

The committee received the bond in evidence, but consented that the petitioner should have the privilege of amending it if found to be not in conformity with the statute, or of filing a bond which should conform to the provisions of the statute. The committee subsequently satisfied themselves by an examination of the statute that the bond was not admissible, and did not consider it as evidence in the case. It remained in the hands of the committee and no announcement was ever made to the respondents' counsel, nor did they know, that the bond was rejected by the committee.

After the trial was closed, at a subsequent day, the petitioners sent to the committee by mail a bond which did conform to the statute and which the committee received and considered as evidence.

The last named bond was sent to the committee, received by them, and used as evidence in the case, without the knowledge or consent of the respondents' counsel. On this ground the respondents claim a new trial.

The question of course is, whether the conduct of the committee in this respect was "irregular and improper." If it gave to the petitioner an unfair advantage to the prejudice of the respondents, it was irregular and improper. Otherwise, if the petitioner only received what he was entitled to and the respondents had a fair and reasonable opportunity to meet it and refute or explain it.

There is no claim that the bond last offered and received was not in all respects such as the statute required. That the petitioner had a right to the benefit of such a bond as evidence is indisputable. Such right is in terms secured to him by statute. He therefore received only what he was justly entitled to.

Were the respondents thereby legally prejudiced? We

think not.   The petitioner in the presence of the respondents and their counsel proposed that he should have the privilege, if necessary, of sending to the committee such a bond.   This was an open and fair proposition.   The motion states that the respondents' counsel did not consent to it.   But it does not appear that they made any objection.   It may be conceded for the purposes of this case that they had a right to object, and to insist that such bond, if received at all, should be received before the evidence was closed, and that they should be permitted to examine it, and take exception to it, or meet it in any way they might think proper.

If they had made objection and claimed this right expressly, it is not to be presumed that the committee would have denied it.   But no such objection being made we think the committee might fairly consider it as a matter within their discretion. We also think that the respondents have no reason to complain of the exercise of that discretion.   A specific objection might, as we have already suggested, have resulted in a different course.   Moreover, it does not now appear that the respondents could have made any answer to the bond, or in any other way could have counteracted its effect.

The respondents had fair notice of the proposition to offer this piece of evidence at the time and in the manner it was offered; the committee in their presence assented to the proposition; the respondents then and thereafter acquiesced in it, and now it does not appear that they were thereby prejudiced.

A new trial therefore should be denied.

In this opinion the other judges concurred.